## SAMUEL KUGELMAN, RESPONDENT, *v.* ABRAHAM D. RHODES, APPELLANT.

*County Court — orders resting in its discretion are not reviewable at General Term.*

An order made in a County Court, refusing to set aside an inquest and to permit the defendant to answer, is not reviewable by the General Term, as the granting or refusal of such an order rests in the discretion of the County Court, and the discretionary decisions of one tribunal are not reviewable by another.
*Stebbins* v. *Cowles* (30 Hun, 523) followed.

APPEAL by the defendant from an order made by the County Court of Queens county.

*W. J. Stanford,* for the appellant.

*Isaac Kugelman,* for the respondent.

PRATT, J. :

This is an appeal from an order made by the County Court in Queens county, refusing to set aside an inquest and permit the defendant to answer. Aside from any question of the merits of the application, we think this case falls within the principle laid down in the case of *Stebbins* v. *Cowles* (30 Hun, 523). It was discretionary with the County Court whether to grant the order or not.

The rule is, that the decisions of one tribunal resting in discretion are not reviewable by another.

There is a broad distinction between an appeal seeking to review the discretion of the County Court and a discretion exercised at a Special Term of the Supreme Court. In the latter case the discretion of the Special Term is reviewable by the General Term, but the County Court being an independent tribunal, this court cannot interfere with the exercise of its discretionary powers. But upon the merits we are unable to say there was any abuse of discretion in the County Court, as the defendant was guilty of very great laches.

The order should be affirmed, with costs and disbursements.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order affirmed, with costs and disbursements.